UNITED STATES, Appellee

v

DAVID L. HAIRSTON, Airman Third Class,
U. S. Air Force, Appellant

9 USCMA 554, 26 CMR 334

No. 10,837

Decided September 12, 1958

 

*Lieutenant Colonel Robert O. Rollman* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb*.

*Captain Lawrence J. Gross* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Robert W. Michels* and *Lieutenant Colonel John F. Hannigan*.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A special court-martial convicted the accused of making a false official statement in connection with an investigation into the theft of a radio and of larceny of the radio, in violation, respectively, of Articles 107 and 121, Uniform Code of Military Justice, 10 USC §§ 907 and 921. The conviction was affirmed by intermediate appellate authorities and we granted review to consider two matters.

The circumstances under which the purportedly "official" statement was made are substantially like those in United States v Washington, 9 USCMA 131, 25 CMR 393. For the reasons there set out, the findings of guilty are set aside and the charge is ordered dismissed. See also United States v Aronson, 8 USCMA 525, 25 CMR 29.

As to the second issue, the evidence shows that a radio belonging to Airman Klein was taken from his room in the barracks without his consent. A few hours later it was pawned by the accused; at the time the accused represented that it was his own property. About a week later, the accused was questioned in connection with the matter. He gave several different accounts as to how he acquired possession of the radio; the last was to the effect that he found it on a bus. This is the version he told at the trial.

Instructing on the principles of law applicable to the case, the president gave the court members the following advice:

> "The court is further advised that proof that a person was in possession of recently stolen property, or of part of it, permits an inference, that he stole it; however, in order to permit such an inference, the evidence must show that the possession of the property by the accused was recent, personal, exclusive, and conscious, and *unexplained or unsatisfactorily explained.*" [Emphasis supplied.]

The accused contends that the italicized part of the instruction shifted the burden of proof from the Government to him. See United States v Soccio, 8 USCMA 477, 24 CMR 287.

No useful purpose would be served by reviewing the many cases which have considered instructions of the kind in question. As Professor Wigmore points out, the subject has been a source of "troublesome and fruitless controversies." Wigmore, Evidence, 3d ed, § 2513. Most of the difficulty centers around whether the rule announced in the instruction is a "presumption of law" or an "inference of fact." United States v Ball, 8 USCMA 25, 23 CMR 249. Cf. dissenting opinion Mr. Justice Black, Bollenbach v United States, 326 US 607, 616, footnote 2, 66 S Ct 402, 407, 90 L ed 350 (1946). From that standpoint, the instruction here is unassailable since it is framed in terms of a permissible inference. It is said, however, that the phrase "unexplained

or unsatisfactorily explained" conflicts with the inflexible rule that the burden of establishing guilt beyond a reasonable doubt rests upon the prosecution. In our opinion, there is no such conflict in this case.

Possession of the fruits of a crime does not alone provide the basis for the inference that the possession is a guilty one. Other facts must exist before the inference is justified. One such is that the possession by the accused is exclusive. Another is that it is recent after the commission of the crime. And there is a third which has to do with the circumstances of the accused's acquisition of possession. This last requirement has been expressed in various ways. Chief Justice Fuller, writing for an unanimous court in Wilson v United States, 162 US 613, 619, 16 S Ct 895, 40 L ed 1090 (1896), said that the inference from recent and exclusive possession is permissible "unless explained by the circumstances or accounted for in some way consistent with innocence." Mr. Justice Black of the Supreme Court speaks of "unexplained possession" as a basis for the inference. Bollenbach v United States, supra, dissenting opinion, page 407. Others say merely that "if unexplained" the inference of guilt may be drawn from recent and exclusive possession. However expressed, the idea is to direct the attention of the triers of fact to the circumstances of the accused's possession and to the fact that they must determine whether the possession is explained or unexplained.

If there is no explanation of the possession in the evidence, the basis for the inference is complete, and the triers of the facts are justified in finding that the possession is a guilty one. Wilson v United States, supra. The accused, of course, has an absolute right to remain silent. However, if the prosecution's case contains no evidence of an explanation for his possession which is "consistent with innocence," the accused runs the risk of the jury drawing the inference of guilty possession against him. Therefore, to avoid the consequences of the absence in the evidence of an explanation, the accused "naturally carries the duty of explaining" his possession. Duncan v United States, 23 F2d 3 (CA 7th Cir) (1927). In other words, he has the burden of going forward with the evidence. If he testifies on the issue, and his testimony is not believed, the basis for the inference still exists. Loose instructions on this aspect of the inference have sometimes resulted in difficulty. The difficulty is the failure to draw a clear distinction between the *burden of proving guilt* beyond a reasonable doubt, *which always rests upon the Government,* and the *burden of going forward with the evidence* to avoid the adverse effect of certain matters in evidence. The distinction is not easy to draw in an instruction to persons unlearned in the law. Thus, in the *Duncan* case, supra, the trial judge told the jury that the defendant had "the duty . . . to explain to you, to your satisfaction, how he obtained possession." The Court of Appeals held that this language, "without further explanation," could have misled the jury into believing that the defendant had to satisfy the jury of his innocence, when in fact it was sufficient if his explanation "raised a reasonable doubt" of his guilt. See also United States v Crowell, 9 USCMA 43, 25 CMR 305.

The Duncan type of instruction is quite different from one which informs the jury that it must be satisfied from the *evidence* that the manner in which the accused acquired possession of the fruits of the crime is consistent with guilt and inconsistent with innocence. In the latter instruction there is no emphasis on the *duty* of the accused to explain and no danger that the emphasis would mislead the jury. Here, the instruction says nothing about any duty on the part of the accused. The stress is simply on the *evidence,* and the fact that it must show the accused's recent and exclusive possession is either unexplained, or not satisfactorily explained, before the inference of guilty possession can be considered on the question of the accused's guilt or innocence. Expressed in this form the instruction is neither wrong nor mis-

leading. See 20 Am Jur, Evidence, § 225.

United States v Soccio, 8 USCMA 477, 24 CMR 287, provides no support for the accused's attack on the instruction. In that case we were concerned with desertion. Earlier, we pointed out that absence alone does not provide the basis for the intent to remain away permanently. An unexplained absence, therefore, is not the same as unexplained possession of the fruits of a crime. In the latter situation the accused "naturally has a duty" to account for his possession—to go forward with the evidence—if he is to escape the adverse inference. But the accused has no obligation to explain an unexplained absence. Thus, in Soccio we said there was a "compounding" of the initial error when the law officer referred to the lack of a "satisfactory explanation" for the absence. The over-all impression left by the combined instructions was that the accused had a duty to satisfy the court-martial he did not entertain an intent to remain away permanently. Such an impression is not included in the instruction in this case.

The findings of guilty of Charge II are set aside and the charge is ordered dismissed. The findings of guilty of Charge I are affirmed. The sentence is set aside and the record of trial is returned to The Judge Advocate General of the Air Force for submission to the board of review for reassessment of the sentence on the basis of the approved findings of guilty.

Judge FERGUSON concurs in the result.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in that portion of the principal opinion which holds that the instruction concerning possession of recently stolen property announces a correct principle of law. However, I disagree with the disposition of the first issue. See United States v Washington, 9 USCMA 131, 25 CMR 393 (separate opinion).