UNITED STATES, Appellee

v

WILLIAM E. FISHER, Basic Airman, U. S. Air Force, Appellant

10 USCMA 111, 27 CMR 185

No. 11,734

Decided January 9, 1959

*Lieutenant Colonel Robert O. Rollman, Lieutenant Colonel Sam F. Carter, Major Donald C. Helling,* and *Captain Norman K. Hogue* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Lieutenant Colonel James R. Thorn* were on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused and a companion were convicted of unlawfully entering a Class VI store and stealing several cases of potable spirits. The building was located on an air base, Buckinghamshire, England. Each of the two accused was sentenced to be dishonor-

ably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for one year. The convening authority affirmed the findings and sentence but, because of an instructional error, a board of review in the office of The Judge Advocate General of the Air Force disapproved the finding of housebreaking and limited its affirmance to the larceny specification. It reduced the period of confinement to nine months but otherwise approved the sentence. We granted review of two issues relating to instructions given by the law officer. After the petition for review was granted, the co-accused withdrew his appeal. He, therefore, is no longer a party to this action.

The first assignment of error questions the correctness of an instruction by the law officer to the ▮ effect that proof that a person was in possession of recently stolen property permits an inference that he stole it. We granted this issue prior to the time we published our opinion in United States v Hairston, 9 USCMA 554, 26 CMR 334, where substantially the same instruction was involved. Our holding there is adverse to the contention now advanced by this accused, and hence this assignment of error is overruled.

The second assignment of error requires determination of whether the substantial rights of the accused were prejudiced when the law officer informed the court that certain matters mentioned in paragraph 76, Manual for Courts-Martial, United States, 1951, might be considered in assessing sentence. This is the identical error raised in United States v Mamaluy, 10 USCMA 102, 27 CMR 176, this day decided.

Under the holding of the last cited case, it was error for the law officer to mention all the factors included in his instruction and it becomes necessary, therefore, to determine whether the error materially prejudiced the substantial rights of the accused. The two offenses of which he stood convicted at the time the instructions were given would permit the court-martial to impose dishonorable discharge, total forfeitures, and confinement for ten years. The sentence actually imposed was dishonorable discharge, total forfeitures, and confinement for one year. The leniency of the sentence denotes that the court-martial was not affected adversely toward the accused. However, we do not believe it necessary to rely on that indication. The board of review reversed one finding and independently reassessed an appropriate sentence based only on the conviction of larceny. Since the property had a value of $272, the maximum permissible confinement for that offense would be five years together with dishonorable discharge and total forfeitures. While the board affirmed the dishonorable discharge and total forfeitures, it reduced the period of confinement at hard labor to nine months. It is apparent, therefore, that any prejudice emanating from the law officer's instructions has been effectively removed by the sentence affirmed by the board of review. Accordingly, we affirm its decision.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in the principal opinion's disposition of the first issue.

I dissent from its disposition as to the second assignment of error for reasons expressed in my dissenting opinion in United States v Mamaluy, 10 USCMA 102, 27 CMR 176.