UNITED STATES, Appellee

v

DAVID O. GILLILAND, Private E-2,
U. S. Army, Appellant

10 USCMA 343, 27 CMR 417

*First Lieutenant Frank J. Lane, Jr.*, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ralph Herrod.*

*First Lieutenant William H. Keniry* argued the cause for Appellee, United States. With him on the brief were *Major Thomas J. Nichols* and *First Lieutenant George J. Miller.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Among other offenses, the accused was charged with breaking into a Government warehouse and the larceny of Government property on two separate occasions, in conjunction with Private First Class H. J. Weiant. Weiant testified against the accused. He said he participated with the accused in the offenses charged. On cross-examination he admitted he had been tried and on his plea of guilty was convicted for his participation in the offenses. He also admitted, as part of the "deal" to plead guilty, that he agreed to testify against the accused. The court which tried him imposed a sentence of a bad-conduct discharge and confinement at hard labor for two years; however, the confinement was reduced to six months by the convening authority in accordance with the pretrial agreement. It is now contended that approval of, and action on, the Weiant agreement disqualified the convening authority from acting on the record of trial in this case.

In United States v White, 10 USCMA 63, 27 CMR 137, the Court held that the grant of immunity, by a convening authority to a witness who testifies at the trial, disqualifies the convening authority from passing upon the credibility and weight of the witness's testimony in connection with his action on the case. First, the Government urges us to overrule that decision. Nothing in its argument inclines us to that course. Also, in our opinion, it is immaterial that this case deals with a negotiated plea with the witness, while in *White*

there was a grant of immunity. The difference is merely one of degree, not of kind. See Feld, A Manual of Courts-Martial Practice and Appeal, § 95(b), page 107. However, there is a significant distinction between this case and *White* which requires a different result.

Disqualification, in the present situation, is founded upon the idea that, in a criminal prosecution, one who is required to pass judgment upon the accused should be free from the probable influence of a previous incompatible action by him in the case. As we pointed out in *White*, in evaluating the testimony of a witness to whom he has granted immunity, the convening authority is required to pass "judgment upon his prior action." Ibid, page 65; cf. United States v Albright, 9 USCMA 628, 26 CMR 408; United States v Crunk, 4 USCMA 290, 15 CMR 290. The record of proceedings in this case does not show that the convening authority who entered into the Weiant agreement is the same official who reviewed the accused's case. There are circumstances indicating that Weiant and the accused were members of organizations subject to the same general court-martial authority who entered into the Weiant agreement, but it is not a necessary inference therefrom that the same person acted in both instances. Although the authority to act is inherent in the office not the individual (see United States v Bunting, 4 USCMA 84, 87, 15 CMR 84), the disqualification is personal not official. United States v White, supra; United States v Marsh, 3 USCMA 48, 11 CMR 48;

United States v Gordon, 1 USCMA 255, 2 CMR 161.[1]

Assuming that a successor in office is bound by his predecessor's grant of immunity (see Feld, Manual of Courts-Martial Practice and Appeal, supra), he is not required to review his own previous action in the case. In other words, acceptance of the grant of immunity by a successor in office is entirely official; in such a situation, the basis for disqualification is absent. See United States v Taylor, 5 USCMA 523, 18 CMR 147; United States v Keith, 3 USCMA 579, 13 CMR 135. Consequently, the record itself does not support the claim of disqualification. And if we assume that we can supplement the record with the uncontroverted affidavit of the staff judge advocate (see United States v Roberts, 7 USCMA 322, 22 CMR 112, United States v Schuller, 5 USCMA 101, 17 CMR 101), it affirmatively appears that the officer acting upon the accused's record of trial was not the same as the one in command at the time of the Weiant agreement. There is, therefore, no merit in the allegation of disqualification.

Appellate defense counsel contend that, even if the convening authority was not disqualified, the staff judge advocate could not review the record because his own affidavits show that he entered into the agreement with Weiant. See United States v Albright, supra. The argument assumes that Weiant's trial testimony is the same as the agreement. The two are different. Weiant said part of the "deal" was that he testify against the accused. His offer to plead guilty reads in part as follows:

"Completely understanding my rights as an accused person, I offer through my defense counsel to plead guilty to the offenses as alleged, if in return the convening authority will approve only so much of any sentence adjudged by the general court-martial, as provides for discharge from the service with a dishonorable discharge, forfeiture of all pay and allowances and confinement at hard labor for six (6) months. In addition, I agree that after my trial that if I am called as a witness in the case of United States v. Callahan or United States v. Gilliland, I will waive my right to refuse to testify under the provisions of Article 31."

According to the terms of the offer, the proposal to testify against the accused *after* Weiant's trial amounted to nothing. Once Weiant entered a plea of guilty and was convicted for his part in the offenses charged, he could not later refuse to testify on the ground of self-incrimination. In re Pillo, 11 NJ 8, 93 A2d 176. The reason for the privilege having ended, the privilege also ended. Ullmann v United States, 350 US 422, 439, 100 L ed 511, 76 S Ct 497. On the same basis, Weiant would have no right to avail himself of the provisions of Article 31.

In his affidavits, the staff judge advocate indicates he did not regard Weiant's offer as constituting "any immunity whatsoever" for his testimony. Quite clearly, he did not consider Weiant's offer to testify as an essential condition of the agreement on the plea. Thus, even if we were to consider the affidavits, the circumstances disclosed therein show that the staff judge advocate's previous association with Weiant was not incompatible with his later review of Weiant's testimony in the case. Therefore, there is no merit in the allegation that the staff judge advocate was disqualified from preparing and submitting the post-trial review.

The decision of the board of review is affirmed.

LATIMER, Judge (concurring in the result):

I concur in the result.

I join the Chief Judge in affirming the decision of the board of review. My views on this subject may be found in my dissenting opinions in United States v Albright, 9 USCMA 628, 26 CMR 408,

---

[1] The staff judge advocate apparently recognized this possibility. He has filed an affidavit in which he represents that authority to enter into pretrial agreements was delegated to him by the convening authority, and he personally approved the Weiant agreement.

and United States v White, 10 USCMA 63, 27 CMR 137, and further elaboration is not deemed necessary.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part. The principal opinion states: "There are circumstances indicat- █ ing that Weiant and the accused were members of organizations subject to the same general court-martial authority who entered into the Weiant agreement, but it is not a necessary inference therefrom that the same person acted in both instances." If we were to draw an inference either way, it would seem more reasonable to infer that the same, rather than a different, individual occupied the office of the convening authority at the time of the agreement and the review of accused's case. However, we need not determine the case on inference. The record here has been supplemented by affidavits showing the identity of the convening authority at the time of the agreement with Weiant. Cf. United States v Roberts, 7 USCMA 322, 22 CMR 112. The record of trial, of course, reflects the identity of the convening authority who took action on accused's case. A consideration of these documents shows different individuals occupying the position of convening authority at the two times with which we are concerned. The convening authority who acted in accused's case was not, therefore, disqualified from so doing. Cf. United States v White, 10 USCMA 63, 27 CMR 137. Inasmuch as the identity of the person granting immunity or entering into a pretrial agreement would not ordinarily be contained in the record of trial itself, to preserve to the accused the right to raise such error, it is essential that we permit the record to be supplemented in this regard by affidavits. Thus, I concur in the result as to the finding that the convening authority who acted in the accused's case was not disqualified.

Nor do I agree with the Chief Judge's view that the situation is changed by the wording of Weiant's of- █ fer. This was an offer: (1) to plead guilty, and (2) to testify against the accused in return for an agreement as to the maximum sentence which would be approved. The staff judge advocate approved that agreement. He thereby secured Weiant as a witness and is precluded from later reviewing the record. Cf. United States v Albright, 9 USCMA 628, 26 CMR 408. I would, therefore, return the record for a new review by a different staff judge advocate.