UNITED STATES

v.

Airman First Class Kelly S. TUCKER, FR 156–42–2080 Headquarters, 21st Air Base Group USAF Tactical Fighter Weapons Center (TAC).

ACM 21718 (f rev.).

U. S. Air Force Court of Military Review.

29 July 1975.

Appellate counsel for the Accused: Colonel William E. Cordingly and Captain Byron D. Baur.

Appellate counsel for the United States: Colonel C. F. Bennett and Captain Alvin E. Schlechter.

DECISION UPON FURTHER REVIEW

SANDERS, Judge:

The record of trial in this case was considered by this Court in our previous decision, dated 3 March 1975. *United States v. Tucker*, 50 C.M.R. 142 (A.F.C.M.R.1975). In that decision we held, *inter alia*, that the review of the Staff Judge Advocate was

deficient in that it failed to set out certain testimony on an important factual issue regarding the accused's alleged denial of an attorney prior to being asked questions by investigative authorities.

Pursuant to the direction of The Judge Advocate General, the case was returned to the same general court-martial jurisdiction for the accomplishment of a new review and action as ordered by this Court. The case is again before us for further review.

We find the new review to be adequate and in substantial compliance with the requirements of paragraph 85b, Manual for Courts-Martial, 1969 (Rev.), and the dictates of our previous decision. However, two other matters asserted by appellate defense counsel warrant comment. One of these matters was left unresolved in our previous decision because of our disposition of the case. It pertains to the sufficiency of the evidence and is discussed below. The other issue concerns the question of whether the same general court-martial jurisdiction was an appropriate authority to accomplish the new review and action.

■ Addressing the latter issue first, we are convinced that under the circumstances there was no reasonable likelihood of prejudice to the accused by having the new review and action accomplished by the same general court-martial jurisdiction. In this regard, it is clear that the new review was authored by a different judge advocate who had no apparent previous connection with the case. Also, the staff judge advocate who concurred in and signed the review was different from the staff judge advocate on the original review. And, of even more significance is the fact that the original convening authority had been succeeded in command by another officer at the time the new review and action was taken. In short, we fail to find any "appearance of evil" in these circumstances or any suggestion that the new convening authority was in any way impaired in exercising his full and completely independent judgment in acting on the case. Cf. *United States v. Silas*, 23 U.S.C.M.A. 371, 50 C.M.R. 5, 1 M.J. 7 (1975). Apropos is the language of the Court of

Military Appeals in *United States v. Gilliland*, 10 U.S.C.M.A. 343, 27 C.M.R. 417, 418 (1959), where it was observed that:

Although the authority to act is inherent in the office not the individual . . . the disqualification is personal not official.

■ Under the circumstances of this case, we need not concern ourselves with the question of whether the original convening authority would have been disqualified from further participation in the review of this case. Any such disqualification would have been personal and would not impair his successor from reviewing and taking action on the record. *United States v. Gilliland*, supra; *United States v. Butler*, 48 C.M.R. 849 (A.F.C.M.R.1974), pet. denied, 48 C.M.R. 999; *United States v. Sachs*, 39 C.M.R. 689 (A.B.R.1968).

Appellate defense counsel reassert their claim that

PROOF BEYOND A REASONABLE DOUBT IS LACKING TO PROVE CONCEALING STOLEN PROPERTY.

■ Although charged with multiple counts of robbery, larceny and burglary, the accused stands convicted of only two offenses of concealing stolen property. For the concealing stolen property offenses to be sustained there must be sufficient evidence to establish beyond a reasonable doubt, *inter alia*, that the property belonged to the person alleged and that the accused knew the property was stolen. As we perceive the evidence before the court members, it was established by the victims that the property alleged in the two specifications, namely a black and white, 12-inch, Montgomery Ward television set and two Fisher speakers, Model XT66C, was stolen from their barracks rooms. These items were found at the accused's apartment several days later when a search was conducted by the FBI. The two speakers were identified by the owner and admitted into evidence without objection. The Montgomery Ward television set admitted into evidence was identified by the owner, Sergeant Austin, as one "identical" to his. He

testified that as far as he was concerned it was the one he had. The military judge admitted it into evidence and advised the court that it would be considered as an item similar to the missing one but would not be construed as the item.

■ Two speakers, other than the two Fisher speakers involved in the charges against the accused, stolen from Austin at the same time as the television set were admitted into evidence and were identified by him. Other evidence in the record shows that these two speakers were found in the possession of an Airman Seals two days following the theft. According to the accused's testimony, the television set was also in the possession of Seals two days following the theft when Seals brought the television set and other items to the accused's apartment for "storage." It was this same television set that was found in the accused's apartment during the search by the FBI. This evidence, we believe, gives rise to a reasonable inference that the television set stolen from Austin's barracks room was the same one found in the accused's possession during the search. Possession of part of the positively identified stolen property (the two speakers) by Seals gives rise to an inference that he possessed the remainder of the property stolen at the same time. *United States v. Sparks*, 21 U.S.C.M.A. 134, 44 C.M.R. 188 (1971); *United States v. Testman*, 36 C.M.R. 923 (A.F.B.R.1966), pet. denied, 36 C.M.R. 541; *United States v. Pagerie*, 15 C.M.R. 864 (A.F.B.R. 1954). The accused's own testimony shows that he obtained possession of the television set in question from Seals. Under the circumstances we are convinced that the television set found at the accused's apartment was the one stolen from Austin.

We are likewise convinced that the accused knew the property was stolen.

In military law as in the majority of criminal jurisdictions, it is an axiomatic legal principle that evidence consisting solely of proof of possession of recently stolen property is sufficient as a matter of law in the absence of a satisfactory explanation of the possession, to sustain findings of guilty that the possessor stole the property. . . . [Citation omitted.] (*United States v. Perkins*, 17 C.M.R. 702, 707 (A.F.B.R.1954).)

After setting out the above language from *Perkins*, the Board of Review in *United States v. Fairless*, 18 C.M.R. 904, 907 (A.F.B.R.1955) went on to say that:

[W]here the evidence is indicative of the fact that the stolen articles were not appropriated by the possessor, their unexplained possession justifies the inference that they had been illegally acquired and imposes on the accused the burden of explaining such possession. This justifiable inference is supported by the weight of authority and has been adopted by the Federal Courts. [Citations omitted.]

The accused testified regarding the stolen property found in his apartment and stated that on 19 February 1974 (several days after the theft of the property), Airman Seals and a man named "Bill" came to his apartment and asked to store some property, including a large color television set, a Montgomery Ward television set, and two speakers. (A motion for a finding of not guilty was sustained as to a charge against the accused involving the color television set.) Although the accused had just met Seals "about three times", and was not a good friend of his, he agreed to let him store the items in his apartment storage bin for about a week. Immediately after the items were placed in the bin, according to the accused's testimony, Seals came into his apartment and negotiations ensued for the sale of some of the items. The accused agreed to purchase the large color television set and the two Fisher speakers for $300.00. Seals did not tell the accused the items were "hot."

The prosecution submitted rebuttal evidence concerning statements made by the accused at the time of the search of his apartment. According to the testimony of FBI Agent Walker, the accused gave the following account of his possession of the property.

He told me that he had been in the market for a color television set and that he

had put the word out amongst his friends and associates that he wanted to purchase a color television set and one evening he was at his residence and there came a knock on his door, he opened the door and there was an individual standing there who said I understand you want to buy a television set.

The accused told Agent Walker that the individual used the name "Bill" and that he (Bill) was alone. The accused stated to Bill that he was interested and they subsequently agreed on a price of $200.00. The accused also told Agent Walker that Bill threw in the two speakers as a bonus.

The accused testified following the testimony of Agent Walker and indicated that he did not say anything about Seals on the night of the search because

> Well at that time, after Walker and them wouldn't take my word, you know, about the other guy, I figured I'd just wait and see, you know, what was the deal on him. After I talked to Macker I found out about it and I came and let you [accused's counsel] know what the whole story and everything.

Did this amount to an explanation that satisfactorily accounted for the accused's possession of recently stolen property so as to preclude any inference of knowledge on his part that the property was stolen? We do not believe so.

The Court of Military Appeals in *United States v. Hairston*, 9 U.S.C.M.A. 554, 26 C.M.R. 334, 336 (1958), in discussing the inference flowing from the unexplained possession of recently stolen property, stated that:

> . . . if the prosecution's case contains no evidence of an explanation for his possession which is "consistent with innocence", the accused runs the risk of the jury drawing the inference of guilty possession against him. Therefore, to avoid the consequences of the absence in the evidence of an explanation, the accused "naturally carries the duty of explaining" his possession. *Duncan v. United States*, 23 F.2d 3 (C.A. 7th Cir.) (1927). In other words, he has the burden of

going forward with the evidence. If he testifies on the issue, and his testimony is not believed, the basis for the inference still exists.

See also *United States v. Johnson*, 3 U.S.C. M.A. 447, 13 C.M.R. 3 (1953).

In discussing this same matter our predecessor Board of Review made the following pertinent observations:

> The definition of the inference of theft as one arising from the "unexplained" possession of stolen goods does not suggest that the accused may offer any far-fetched explanation that first comes to mind and then demand acquittal as a matter of law because his possession has been "explained." If he wishes to avoid the logical inference of guilt of larceny which naturally arises from a showing of his conscious and exclusive possession of recently stolen property, where the Government's evidence discloses no circumstances consistent with innocence, he has the burden of offering an explanation which is sufficiently plausible to raise a reasonable doubt of his guilt in the minds of the fact finders. [Citation omitted.] We are of one mind with the court members in rejecting the variety of defenses offered. (*United States v. Sneed,* 33 C.M.R. 689, 691 (A.F.B.R.1963), pet. denied, 33 C.M.R. 436.)

Given the materially conflicting nature of the accused's "explanation," a permissible inference remains that his concealment of the stolen property was with the knowledge of its stolen nature. In short, it was not satisfactorily explained. *United States v. Hairston*, supra; *United States v. Sneed,* supra; *United States v. Johnson*, supra; *United States v. Fairless*, supra; *United States v. Bishop*, 33 C.M.R. 555 (A.F.B.R. 1963).

Although we are satisfied that a permissible inference remained under the circumstances present, by no means is the posture of the evidence such that reliance must be placed only on a "naked" inference flowing from his possession of stolen property. Indeed, the fact that there were contradictory

or conflicting statements by the accused in explaining his possession is a circumstance which tends to establish knowledge on his part that the property was stolen. Too, the unusual nature of the acquisition at a price obviously lower than the true worth of the property are other circumstances that support the knowledge element necessarily found by the court. See generally, 66 Am. Jur.2d, Receiving Stolen Property, Section 26. We are convinced, as were the court members, that the accused is guilty of the concealment offenses.

The approved findings of guilty and the sentence are

Affirmed.

ROBERTS, Senior Judge, and ORSER, Judge, concur.