UNITED STATES, Appellee,

v.

Stanley B. WALLACE, Specialist Four,
United States Army, Appellant.

No. 34,530.
CM 434057.

U. S. Court of Military Appeals.

May 8, 1978.

*Captain D. David Hostler* argued the cause for Appellant, Accused. With him on the brief were *Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock,* and *Major Benjamin A. Sims.*

*Captain Paul W. Jacobson,* argued the cause for Appellee, United States. With him on the brief were *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Steven M. Werner, Captain Laurence M. Huffman,* and *Captain Clement L. Hyland.*

Opinion of the Court

COOK, Judge:

Appellant came up for trial before a general court-martial consisting of a military judge alone for the sale of heroin (Specification 1 of the Charge) and possession of marijuana (Specification 2 of the Charge), in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] He pleaded guilty to, and was found guilty of possessing marijuana; he pleaded not guilty to selling heroin, but was also convicted of this offense.

 A government witness who testified on the merits of the heroin offense stated that he had a "deal" which insured his freedom from prosecution for his own misconduct (unrelated to appellant), and receipt of an administrative discharge. A reading of his account of the purported arrangement leaves substantial doubt as to its terms and the possible involvement of the officer who succeeded to command and

---

1. Appellant's case was tried on September 17, 1975, and, thus, this Court's decision in *United States v. Courtney,* 1 M.J. 438 (1976), is inapplicable. *United States v. Jackson,* 3 M.J. 101 (C.M.A.1977).

acted on the record.[2] *Cf. United States v. Gilliland,* 10 U.S.C.M.A. 343, 27 C.M.R. 417 (1959). Among other things, it appears that the only relationship between the convening authority and the government witness was that the convening authority had sanctioned use of the witness as an undercover source. Such authorization for use of the witness would not, alone, disqualify the convening authority from later reviewing the conviction, either on the ground of prior participation as a prosecutor of the accused, or prior official judgment on the credibility of a probable government witness. *See United States v. Johnson,* 4 M.J. 8 (C.M.A. 1977); *United States v. Jackson,* 3 M.J. 153 (C.M.A.1977).

■ Normally, a limited hearing would be appropriate to resolve the matter (*see United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967)), but, as the appellant entered a plea of guilty to Specification 2 of the Charge, a different disposition is indicated. No clemency agreement with the witness affects the offense to which the appellant pleaded guilty. *United States v. Cruz,* 23 U.S.C.M.A. 238, 49 C.M.R. 291 (1974). Accordingly, the decision of the United States Army Court of Military Review is reversed and the record of trial is returned to the Judge Advocate General of the Army for resubmission to that Court. In its discretion, the Court may direct that the record of trial be sent to a different convening authority for a new review and action, or it may set aside the finding of guilty as to Specification 1 of the Charge, dismiss that specification, and reassess the sentence on the basis of the remaining specification.

Chief Judge FLETCHER and Judge PERRY concur.

2. A different officer was in command on the date the Charge and its specifications were referred to trial.