**627**

UNITED STATES

v.

Airman First Class Miles E. MORTON,
FR 225–98–8173 United States
Air Force.

ACM S25570.

U. S. Air Force Court of Military Review.

8 Sept. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major Michael J. Hoover, and Major Peter Reilly, USAFR.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

DECISION

MILLER, Judge:

Before a special court-martial the accused was convicted, contrary to his pleas, of receiving stolen property, in violation of Article 134, 10 U.S.C. § 934, Uniform Code of Military Justice. His approved sentence consists of a bad conduct discharge, confinement at hard labor for 60 days, and reduction to airman basic.

The staff judge advocate's original review in this case drew two inferences from the evidence of record. It then advised the approving authority that he could use both inferences in making his determination as to whether or not the evidence of record established the accused's guilt beyond a reasonable doubt.

In responding to the Review, pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975), trial defense counsel asserted that neither inference referenced in the review was permissible because the military judge had not instructed upon them at trial.

Commenting upon this *Goode* response in an addendum to his initial review, the staff judge advocate, for the first time, advised the approving authority (1) that the government would have produced a missing witness to testify had trial defense counsel not successfully suppressed the witness' testimony during an out of court Article 39a session, and (2) that the missing witness' testimony, in certain particulars, would have been unfavorable to the accused.

■ Without offering trial defense counsel any opportunity to reply to these new matters, the staff judge advocate forward-

ed the initial review, *Goode* response, addendum, and record of trial to the approving authority for his action. Based upon the content of these documents, he approved the conviction.

Among other assignments of error, appellate defense counsel asserts that this failure to provide trial defense counsel with the opportunity to respond to new matters contained in the addendum constituted error. We agree.

■ Defense also urges, however, that based solely upon their identification of this error, we order that this record of trial be returned to the approving authority for a new action after trial defense counsel has had an opportunity to examine and comment on the staff judge advocate's addendum to his initial review.

In the past, prior to issuing any such order, we would have looked to the disputed documents themselves and determined whether the error prejudiced the accused. Had we determined it did not, we would have rejected such a request because, absent actual prejudice to the accused, we believed that such a return would only have resulted in a meaningless procedural delay.

On 30 August 1982, however, the Court of Military Appeals issued an opinion which has reversed our position on this issue.

[W]here new matter is introduced after defense counsel has examined the review, *Goode* requires a further opportunity to comment be given to the defense counsel. It dilutes the curative effect of *Goode* to ignore the lack of input from the defense counsel and to examine the new material for possible prejudice at the appellate level neither substitutes for the input of defense counsel nor avoids the appellate caseload that *Goode* was designed to reduce. "The mere fact that upon appeal harm to the accused may be found nonexistent, in no sense lessens the obligation to see that he receives those benefits that are rightly his." [Footnotes and citations omitted.]

*United States v. Narine,* 14 M.J. 55 at 57–58 (C.M.A.1982).

The Court in *Narine* specifically decided that the goals it had originally enunciated in *United States v. Goode, supra,* cannot be accomplished unless all appellate military courts refuse to affirm any approving authority action which is based upon a staff judge advocate's review that contains matters to which an accused's trial defense counsel did not have an opportunity to respond. Here, we are compelled to implement this decision.

If and when trial defense counsel exercises his opportunity to comment on the addendum, he may decide to raise at least one issue which may resolve an error assigned by appellate defense counsel in this case.* Consequently, we will not comment upon it or any of the other errors herein asserted unless, following the approving authority's new action, this case once again comes before us for review.

The record of trial is returned to The Judge Advocate General of the Air Force. After trial defense counsel is provided with an opportunity to examine and comment on the Addendum to the Review of the Staff Judge Advocate, a new action by the approving authority is ordered.

HODGSON, Chief Judge, concurs.

POWELL, Senior Judge, absent.

---

* The referenced assignment of error asserts that certain content of the addendum to the staff judge advocate's review was improper and misleading.