UNITED STATES

v.

**Airman First Class Miles E. MORTON, FR 225–98–8173 United States Air Force.**

**ACM S25570.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 Dec. 1981.

Decided 1 April 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major Douglas H. Kohrt and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major Michael J. Hoover and Major Peter Reilly, USAFR.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

MILLER, Judge:

Upon our initial review of this case, *United States v. Morton,* 14 M.J. 627 (A.F.C.M. R.1982), we returned it to the approving authority because trial defense counsel had not been provided an opportunity to examine and comment on new matters contained in an Addendum to the Review of the Staff Judge Advocate.

The record now contains both trial defense counsel's comments upon these new matters and an action by the approving authority, executed by him following receipt of trial defense counsel's additional comments. Accordingly, since, the addi-

tional *Goode** requirements set forth by the United States Court of Military Appeals in *United States v. Narine,* 14 M.J. 55 (C.M. A.1982), are now satisfied, we proceed to a discussion of the remaining issues in this case.

Before a special court-martial the accused was convicted, contrary to his pleas, of receiving stolen property, in violation of Article 134, U.C.M.J., 10 U.S.C. § 934. His approved sentence consists of a bad conduct discharge, confinement at hard labor for 60 days, and a reduction to Airman Basic.

Counsel for the accused urge, generally, that there is insufficient evidence to support the conviction and that reference to information ruled inadmissible as evidence at trial in the Staff Judge Advocate's Review so prejudiced the approving authority in his review of this case that his subsequent action thereon should be invalidated. We disagree.

Briefly summarized, the following pertinent evidence was admitted at trial. A locked bike was stolen from a bicycle rack adjacent to a dormitory. Twenty-one days later, two security policemen found the stolen bike, again locked, but this time in a bicycle rack at the other end of the same dormitory. The two observed the bike until the accused approached, unlocked, and mounted it. The security policemen immediately stopped the accused advising him of his Article 31, U.C.M.J., 10 U.S.C. § 831, rights. The accused, who during the advisement of rights had looked away from the police, fidgeting nervously, first requested a lawyer, then, immediately after making that request, stated "The bike is not mine. It belongs to a friend." An acquaintance of the accused testified that he had observed the accused riding the stolen bicycle eleven days prior to its recovery.

Also, at trial, the military judge:

(1) Refused, outside the presence of the jury, to issue a permissive inference instruction regarding possession of recently stolen property that · had been requested by government counsel. In doing so, the mili-

tary judge cited a belief that such an instruction "does not accurately state the law."

(2) Excluded, outside the presence of the jury, an admission made by the accused wherein he identified the "friend" from whom he claimed to have borrowed the bike. A subsequent statement obtained from this "friend," that this admission by the accused was untrue, was also excluded as "fruit of the poisonous tree."

(3) Issued a standard circumstantial evidence instruction to the jury prior to their deliberations on findings.

Following trial, the author of the Staff Judge Advocate's Review utilized that review to present the approving authority with two inferences drawn from the circumstantial evidence of record, indicating that both could properly be considered by the approving authority in making his determination as to whether or not the evidence of record established the accused's guilt beyond a reasonable doubt. The first of these was the same "possession of recently stolen property" inference which the military judge had refused to instruct on at trial. The second was a "failure to produce available testimony" inference stemming from the accused's failure to produce the "friend" from whom he claimed to have borrowed the stolen bike.

In his *Goode* response to this Review, trial defense counsel asserted that the approving authority could not consider either of the inferences referenced in the S.J.A. Review because (1) both were impermissible as a matter of law, (2) neither was instructed upon by the military judge at trial, and (3) specifically regarding the "possession of recently stolen property" inference, the approving authority was bound to accept the comment made by the military judge in a closed Article 39(a), 10 U.S.C. § 839(a), U.C. M.J., session that the judge did not believe such an inference reflected existing law as the law of this particular case.

Commenting upon this *Goode* response in an addendum to his initial review, the re-

---

* *United States v. Goode,* 1 M.J. 3 (C.M.A.1975).

view's author advised the approving authority (1) that the government would have produced the missing witness to testify at trial had trial defense counsel not successfully suppressed the witness' testimony during an Article 39(a) session, and (2) that the missing witness' testimony, in certain particulars, would have been unfavorable to the accused. The approving authority was, however, emphatically advised that these additional matters were not evidence, and could not be considered by him in making his M.C.M., 1969 (Rev.), ¶ 86b (1)(c) determination as to sufficiency of the evidence to support a guilty finding.

Trial defense counsel, in his *Goode/Narine* response to this addendum, first, stated that the additional matters addressed in this addendum "irreparably damaged" the "fairness" of any subsequent action taken upon this case by the approving authority. Immediately thereafter he suggested that since these matters were now, *albeit* erroneously, before the approving authority, that the approving authority should consider them for the purpose of determining that the accused was, in fact, guilty of a larceny charge (the charge of which he was acquitted), rather than a receiving stolen property charge. Consequently, according to trial defense counsel, because a person guilty of stealing property cannot also be guilty of receiving that same stolen property, the approving authority had no alternative other than to disapprove the accused's conviction of this latter offense.

*Ergo,* according to trial defense counsel, exactly the same evidence, successfully excluded from the trial court by the accused to prevent his conviction of larceny, must now be considered by the approving authority as mandating that the accused's resultant conviction for receiving stolen property be set aside.

Appellate defense counsel, by assigning general errors of insufficient evidence and impropriety of the Staff Judge Advocate's Review, appear to have implicitly assigned these same assertions of error.

I

Looking, first, to defense contentions that the two inferences drawn in the Staff Judge Advocate's review are impermissible as a matter of law, we find extensive authority to the contrary.

[W]here the evidence is indicative of the fact that the stolen articles were not appropriated by the possessor, their unexplained possession justifies the inference that they had been illegally acquired and imposes on the accused the burden of explaining such possession. This justifiable inference is supported by the weight of authority and has been adopted by the Federal Courts. [Citations omitted.]

*United States v. Fairless,* 18 C.M.R. 904, at 907 (A.F.B.R.1955). *Accord, United States v. Tucker,* 1 M.J. 492, at 494 (A.F.C.M.R. 1975); *Barnes v. United States,* 412 U.S. 837, at 845–846, 93 S.Ct. 2357, at 2363, 37 L.Ed.2d 380, at 387; *County Court of Ulster County v. Allen,* 442 U.S. 140, at 172, 99 S.Ct. 2213, at 2232, 60 L.Ed.2d 777, at 801 (1979) (Powell, J., dissenting); *United States v. Strauss,* 678 F.2d 886, at 894 (11th Cir.1982). *See also United States v. Hairston,* 9 U.S.C.M.A. 554, at 556, 26 C.M.R. 334, at 336 (1958); *United States v. Sparks,* 21 U.S.C.M.A. 134, 44 C.M.R. 188 (1971); *United States v. Sneed,* 33 C.M.R. 689, at 691 (A.F.B.R.1963).

Failure to produce . . . available testimony [when the defense has it peculiarly within its power to produce such testimony] compels an inference that, [if produced,] it would have been unfavorable to the defense. [Citations omitted.]

*United States v. Braden,* 14 C.M.R. 617, at 622 (A.B.R.1954). *Accord, United States v. Rhodes,* 24 C.M.R. 776, at 790 (A.B.R.1957); *Graves v. United States,* 150 U.S. 118, at 121, 14 S.Ct. 40, at 41, 37 L.Ed. 1021, at 1023 (1893); *United States v. Lehmann,* 613 F.2d 130, at 135–136 (5th Cir.1980); *United States v. Tucker,* 552 F.2d 202, at 210 (7th Cir.1977); *United States v. Young,* 463 F.2d 934, at 939 (D.C.Cir.1972). *See also United States v. Rogers,* 14 U.S.C.M.A. 570, at 575, 34 C.M.R. 350, at 355 (1964).

■ Hence, where, as here, the accused's only explanation as to his possession of the recently stolen bicycle stemmed from his unrefuted admission to the security police that the stolen bicycle in his possession had belonged to an unidentified friend and he failed to call this unidentified friend as a witness, both inferences drawn by the Staff Judge Advocate's Review for the approving authority were clearly permissible. In fact, the military judge would actually have been justified in instructing the jury that each inference could have been drawn from the evidence properly before it. *See United States v. Lambert,* 580 F.2d 740 (5th Cir. 1978); *Burgess v. United States,* 440 F.2d 226 (D.C.Cir.1970).

## II

By alleging that because the military judge did not instruct upon these two "permissive inferences" at trial, the approving authority could not rely upon them in performing his M.C.M., ¶ 86*b* (1)(c) function, trial defense counsel displays a perhaps not uncommon misunderstanding of that term's meaning.

Unfortunately, when the wide variety of "permissive inferences" that have been specifically approved by appellate case decisions are combined with the nearly universal holdings of the cases in which they have been recognized (to wit: that trial judges are permitted to issue instructions specifically informing jurors that they may base their conclusions of fact upon the specific permissive inference considered in that particular case by that particular court), such a misunderstanding is not at all surprising. Rather than preserving the technical meaning of the term "permissive inference" that underlies these holdings, many attorneys and trial judges have actually bastardized its technical meaning by utilizing the term as a "short-hand" reference for the various holdings themselves.

As a result, in addition to its technical meaning, the term is now commonly used throughout the criminal law field to denote (1) a single particular deduction of fact drawn from a combination of circumstantial evidence that has on some previous occasion been expressly *approved* by an appellate court, (2) any permissible deduction of fact arising from a combination of circumstantial evidence that a trial judge in a particular trial has, in fact, *instructed* the jury that it is permitted to draw, and (3) any such factual deduction that a trial judge in a particular case has permitted either party to *argue* to the jury.

The phraseology used by trial defense counsel in this particular assertion of error, suggests that he has confused one or more such popular usages of "permissive inference" with its actual, "term of art," meaning.

■ Technically, the term "permissive inference" is simply a description of the general type of logical, relevant, factual deduction that a juror may legitimately draw from one or more general facts introduced at trial as circumstantial evidence when that fact or facts is conbined with other evidence admitted at the trial and/or the juror's life experiences. Paraphrasing the language of M.C.M., ¶ 74*a* (3), the term refers to a reasonable inference of the existence or nonexistence of a fact which is directly in issue, drawn from a fact or circumstance which, although not directly in issue, nevertheless, either alone or in connection with other facts or circumstances, according to the common experience of mankind, might logically lead to the determination of the existence or nonexistence of a fact that is in issue. It is, in essence, nothing more nor less than the deduction of a relevant factual finding based, in part, upon circumstantial evidence.

■ True, a trial judge, in an exercise of discretionary power over trial proceedings, might refuse to issue a requested "permissive inference" instruction or he might refuse to permit one of the parties to the trial to argue that a specific "permissive inference" should be drawn. But the fact remains that if the inference originally urged is, in fact, a logical deduction of a specific factual finding resulting from a combination of one or more general facts

admitted as circumstantial evidence with other evidence admitted at trial and/or the common life experiences of mankind, then jurors may properly exercise their own logic in drawing that inference for themselves, even though they received no specific instructions nor heard any specific argument concerning it.

■ Here, the S.J.A. Review correctly advised the approving authority that he could justifiably make each of the "permissive inferences" that it suggested to him.

### III

During an out of court hearing, Government counsel requested the trial judge to issue a "permissive inference" instruction specifically informing the jury that it could justifiably infer from the accused's "unexplained possession of recently stolen property," that the accused had knowledge that the property he possessed was stolen. The trial judge denied the request, stating, in response to Government counsel's entirely accurate summarization of a United States Supreme Court holding, that:

I don't believe that's the law and I will not give the instruction you've read, counsel.

Defense, purportedly relying upon the "doctrine of the law of the case," contends that by uttering these words, "the military judge ruled that this inference was improper as a matter of law." Consequently, according to the defense argument, the S.J.A. Review erred when it resurrected this inference to support the case's guilty finding.

The doctrine of the law of the case is that "once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances." This serves to promote finality and efficient judicial administration.

*United States v. Morris,* 13 M.J. 297, at 300 (C.M.A.1982) (Everett, Chief Judge, concurring in the result).

■ Contrary to defense counsels' assertion, the issue litigated and decided by the military judge related to his discretionary decision of whether or not to issue a "per-

missive inference" *instruction* to the jury. Gratuitous remarks to counsel aside, the issue of whether or not the "permissive inference," itself, was improper as a matter of law was neither raised by either counsel, nor acted upon by the trial judge. *Ergo,* the S.J.A. review's partial reliance upon this valid inference to support the jury's finding, was entirely permissible.

### IV

Additionally, defense counsel urge that certain matters suppressed from evidence during U.C.M.J., Article 39(a) sessions, but referenced by the Staff Judge Advocate in a portion of an addendum to his initial review of the trial record which analyzed the merit of certain *Goode* assertions, were so highly prejudicial to a fair review of the accused's case by the approving authority, as to require a new review and action.

■ Without intending to endorse such a practice, where, as here, the referenced comments concerned matters which the approving authority already was statutorily required to review and they were prefaced by an advice that he must disregard these matters in making his decision on whether or not to approve the findings and sentence, we fail to perceive the substantial prejudice to the substantive rights of the accused alleged by the defense.

Under the facts of this case, and particularly in view of the re-emphasis of the addendum's original cautionary instruction to the approving authority provided to him by both the trial defense counsel's *Narine* response and the S.J.A.'s response to it, we are convinced that at the time the approving authority approved findings and sentence for the second time, it is less likely that he improperly considered these matters than if no mention had ever been made to him of their existence in the trial record.

### V

Trial defense counsel also contends that because the evidence suppressed in the Article 39(a) session (a part of the entire record of trial) "clearly establishes that AB Mor-

ton did not unlawfully receive the property; but, that the evidence tends to demonstrate guilt of larceny, if anything," and because convictions of larceny and receiving stolen property are mutually exclusive, the approving authority was, and this Court is, statutorily obligated to dismiss the court's verdict as to the accused's guilt of receiving stolen property. In essence, he argues that Articles 64 and 66(c), U.C.M.J., 10 U.S.C. §§ 864, 866(c), respectively, place statutory duties upon, both, the approving authority and the judges of this Court to disapprove any finding of guilt to which, after having reviewed the entire record of trial (including any unadmitted evidence contained therein) they personally entertain a reasonable doubt. According to trial defense counsel's logic, both the approving authority and this Court, having mandatorily reviewed the suppressed evidence from the Article 39(a), U.C.M.J., session and being aware of the principal of law that a thief cannot be convicted of receiving stolen property that he, himself, actually stole, must now entertain a reasonable doubt as to the accused's guilt of receiving stolen property. Consequently, the approving authority should have, and we must, now, set aside the trial court's finding as to this offense.

Article 64, U.C.M.J., provides that:

In acting on the findings and sentence of a court-martial, the convening authority may approve only such findings of guilty, and the sentence or such part or amounts of the sentence, as he finds correct in law and fact and as he in his discretion determines should be approved. Unless he indicates otherwise, approval of the sentence is approval of the findings and sentence.

Article 66(c), U.C.M.J., provides:

In a case referred to it, a Court of Military Review may act only with respect to the findings and sentence as approved by the approving authority. It may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

■ As pointed out by defense counsel, the language of both these statutory provisions limits the approval/affirmance authority of both approving authorities and courts of military review to findings that these appellate authorities determine to be "correct in law and fact." Despite the fact that only a Court of Military Review is explicitly obligated to base this determination upon the "entire record," a review of an "entire record" being indispensible to a determination that a finding is "correct in law and fact," approving authorities are similarly, *albeit* implicitly, obligated.

■ Contrary to defense counsels' assertions, however, neither statutory provision requires either the approving authority or the judges of this Court to reach a determination that no reasonable doubt exists as to the accused's guilt based upon all matters, whether or not properly admitted into evidence, contained in the "entire record." The rule enunciated by the United States Court of Military Appeals that judges on a court of military review (and hence, presumably, approving authorities) must "themselves be satisfied beyond a reasonable doubt of the guilt of the accused" before affirming (approving) any court-martial finding simply emphasizes the requirement, already implicit in these statutory provisions, themselves, that in order for a trial court's findings to be "correct in law and fact," the "evidence of record" contained in the "transcript of trial," must be sufficient to prove the accused guilty beyond a reasonable doubt. It most certainly does not, as suggested by the accused, require courts of military review (and approving authorities) to make *de novo* findings of fact based upon evidence *in addition to* that properly before the trial court, according to some sort of non-existent independent plenary authority.

[P]owers [of the Court of Military Review] include the obligation to review the entire record for sufficiency as to the findings of guilt as to all charges ... Article 66(c), UCMJ, 10 U.S.C. sec. 866(c) ... As to the power of the Court of Military Review to determine the sufficiency of the evidence upon which the conviction rests ... this means that the judges of that court must review the trial transcript and themselves be satisfied beyond a reasonable doubt of the guilt of the accused based upon the evidence of record.

*United States v. Palenius,* 2 M.J. 86, p. 91, n. 7 (C.M.A.1977).

█ While the term "discretion" in Article 64 arguably provides an approving authority during his review of a court-martial record with the absolute power to set aside the findings and sentence of a court-martial "for no reason at all," *United States v. Schmit,* 13 M.J. 934 (A.F.C.M.R.1982), *United States v. Massey,* 5 U.S.C.M.A. 514, at 520, 18 C.M.R. 138, at 144 (1955), *Hearings before the House Committee on Armed Services, 81st Congress, 1st Session, on H.R. 2498,* at 1184, it does not require him to exercise this power unless he determines the findings of the trial court to have been incorrect in law and fact. Here the trial court's findings were not incorrect in law and fact. In his second addendum to his review, the staff judge advocate explicitly advised the approving authority that he did possess the power to set aside the trial court's finding based upon the matters here referenced by defense counsel. Thus, we presume that the approving authority, after considering the desirability of exercising these extraordinary powers in this case, consciously opted not to. Accordingly, his approval of the findings and sentence in this case was, therefore, not only entirely proper, but it was above reproach.

The lack of the term "discretion" in Article 66(c), on the other hand, has been consistently interpreted as precluding this and the other courts of military review from setting aside findings for any reason other than prejudicial *error* in the trial record.

A Court of Military Review has a duty to affirm findings of guilty which are not affected by *errors* committed at the trial. [Emphasis added.]

*United States v. Lyles,* 14 M.J. 771, at 772 (A.C.M.R.1982); *United States v. Waymire,* 9 U.S.C.M.A. 252, at 255, 26 C.M.R. 32 at 35 (1956); *United States v. Fleming,* 3 U.S.C. M.A. 461, at 465, 13 C.M.R. 17, at 21 (1953); *United States v. Shepard,* 1 U.S.C.M.A. 487, at 492, 4 C.M.R. 79, 84 (1952).

█ We are convinced that the "evidence of record" contained in the "transcript of trial," when considered in the light most favorable to the accused, in fact established the accused's guilt of wrongfully receiving stolen property "beyond a reasonable doubt." We are also convinced, based upon our examination of all the assertions of error and the government's responses thereto and our review of the "entire record" of trial, that the findings and sentence are "correct in law and fact" and that no error was committed which was materially prejudicial to the substantial rights of the accused.

Accordingly, the findings and sentence are

AFFIRMED.

HEMINGWAY, Senior Judge, concurs.

HODGSON, Chief Judge, absent.

### UNITED STATES

v.

**Airman Basic Johnnie L. YOUNG, Jr., FR 559–33–8669 United States Air Force.**

**ACM 23733.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 9 Aug. 1982.

Decided 8 April 1983.